**FILED & ENTERED**

SEP 06 2016

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Fisher    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Louise Perri Fulchiero<br><br><br><br><br><br><br>Debtor(s). | Case No.: 1:16-bk-12557-MT<br><br>CHAPTER 13<br><br>**ORDER (1) SETTING STATUS CONFERENCE; (2) DIRECTING COMPLIANCE WITH APPLICABLE LAW; AND (3) REQUIRING DEBTOR(S) TO EXPLAIN WHY THIS CASE SHOULD NOT BE CONVERTED OR DISMISSED WITH 180-DAY BAR TO REFILING**<br><br>Status Conference:<br>Date:    September 15, 2016<br>Time:    9:00 a.m.<br>Crtm:    302 |

    The debtor(s) identified in the caption above ("Debtor(s)") have filed a chapter 13 case, without an attorney.  Pursuant to section 105(d)(1) of the Bankruptcy Code, in order to further the expeditious and economical resolution of this case, the Court sets a status conference in this case for the date and time set forth above.  The initial status conference shall occur in courtroom 302 of the United States Bankruptcy Court, Central District of California, San Fernando Valley Division at 21041 Burbank Boulevard, Woodland Hills,

-1-

California 91367. The Debtor(s) are directed to appear in person at that location on the above date and time.

The Debtor(s) are strongly encouraged to obtain counsel. If the Debtor(s) need assistance with finding an attorney, the Debtor(s) are encouraged to contact the San Fernando Valley Bar Association's Attorney Referral Service at (818) 340-4529 or email at referrals@sfvba.org. The Debtor(s) may also visit the free Self Help Desk for assistance any Thursday from 9:00 a.m. to 12:00 p.m., and 1:00 p.m. to 4 p.m., on the first floor at the above address. Given the numerous requirements governing chapter 13 plans, most chapter 13 cases fail in this district. Indeed, over 99% of all chapter 13 cases fail where the debtor does not have an attorney.

The filing of a request or motion to dismiss or convert a chapter 13 case to chapter 7 does not immediately relieve the Debtor(s) of their obligations in a chapter 13 case, such as the duty to file complete schedules. The Debtor(s) must continue to appear at all meetings of creditors and all hearings (including, but not limited to, all confirmation hearings) and comply with all requirements for chapter 13 unless and until the case is actually dismissed or converted to another chapter.

The Debtor(s) should be prepared to discuss why this case was filed and matters related to the chapter 13 plan and the goals they hope to achieve with a chapter 13 plan.

The Debtor(s) are also directed to bring to the status conference contact information (i.e. name, addresses, social security numbers and phone numbers) of anyone who assisted the Debtor(s) in preparing this bankruptcy. The Debtor(s) shall bring to the initial status conference copies of all checks paid to any individual or entity that assisted in the preparation of bankruptcy documents.

If the Debtor(s) do not appear in person at the designated status conference or do not bring the required documents and information, the Court may (1) dismiss this case with a bar to re-filing another bankruptcy case, (2) convert the case to chapter 7, or (3) take any other appropriate action. This case may also be dismissed at the status conference if the Debtor(s) fail to comply with the provisions of the Bankruptcy Code or the national and local bankruptcy rules governing chapter 13 cases or if other significant problems exist in the case.

In addition, bankruptcy law requires debtors to disclose the filing of prior bankruptcy cases. If the Debtor(s) in this case have previously filed a bankruptcy case which is not disclosed in the documents they have filed with the Court, the Debtor(s) should be prepared to demonstrate at the initial status conference good cause regarding why their case should not be dismissed with a bar to re-filing. Absent such showing, the case may be dismissed (with or without a bar to re-filing) at the status conference or any continued status conference

pursuant to 11 U.S.C. §§ 1307(c), 105(a) & 349(a).

Please note that the filing of a request or motion to dismiss or convert this case or the hiring of counsel by the Debtor(s) does not excuse the Debtor(s) from appearing at the status conference. The status conference shall proceed regardless of whether the case is in chapter 7 or chapter 13 at the time of the conference and, therefore, the Debtor(s) must appear to discuss this bankruptcy case. Likewise, if the Debtor(s) hires counsel prior to the status conference, counsel is welcome to attend but the Debtor(s) must also attend.

Appearances by debtors and their counsel at chapter 13 status conferences must be made in person, not by telephone or by special counsel. Debtors and their attorneys must appear personally but other interested parties may appear by telephone.

IT IS SO ORDERED.

###

Date: September 6, 2016

*Maureen A. Tighe*
Maureen A. Tighe
United States Bankruptcy Judge